**ArentFox Schiff**

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900  **MAIN**
212.484.3990  **FAX**

afslaw.com

**Katia Asche**
Partner
212.745.9550  **DIRECT**
katia.asche@afslaw.com

> **Application Granted**
> /s/ Valerie Figueredo, U.S.M.J.
> DATED: January 25, 2024
> All discovery in this matter is stayed pending resolution of Defendant's Motion to Dismiss is granted. The Clerk of Court is directed to terminate the motion at ECF No. 22.

January 22, 2024

VIA ECF

Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Aaron Abadi v. Apple Inc. (Case No. 1:23-cv-03367-PGG-VF)

Dear Judge Figueredo:

We represent Defendant Apple Inc. ("Apple") in the above-referenced matter. We write to respectfully request a stay of discovery in this matter, including the January 15 deadline to serve document subpoenas, *see* Dkt. No. 20, until the Court rules on Apple's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), *see* Dkt. Nos. 12-13. In the alternative, we respectfully request a sixty (60) day extension of all discovery deadlines and the deadline to serve document subpoenas.[1] This is Apple's first written request for a stay and/or extension. Via email dated January 18, 2024, Mr. Abadi agreed to a stay and extension of all deadlines, except for the deadline to serve document subpoenas.

**Procedural History**

Plaintiff filed his Complaint on April 21, 2023, alleging six causes of action arising from a September 2021 incident in which Plaintiff was denied entry to Apple World Trade Center without a face mask. Apple was served via mail on May 26, 2023, and returned an executed acknowledgement on June 20, 2023. On August 21, 2023, Apple timely filed a Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice. The Motion was fully submitted as of September 6, 2023, *see* Dkt. Nos. 16 (Opposition) and 17 (Reply). On January 18, 2024 this Court issued a Report and Recommendation to dismiss Plaintiff's Complaint. *See* Dkt. No. 21.

On October 17, 2023, the parties appeared for an initial case management conference whereupon the following discovery deadlines were set: (1) initial requests for documents were to be made by November 17, 2023; (2) depositions were to be completed by January 13, 2024; (3)

---

[1] Despite efforts to meet and confer on the issue, Plaintiff did not wish to provide HIPAA-compliant authorizations to request medical records from the providers identified in the exhibits to his Complaint. Thus, Apple will need to subpoena those records and reserves the right to subpoena other non-party documents as necessary.



non-party document Subpoenas were to be served by January 15, 2024; (4) expert reports are to be served by February 14, 2024; (5) expert depositions are to be completed by March 1, 2024; and (5) all discovery is to be completed by April 1, 2024. *See* Dkt. No. 20. The parties have actively engaged in discovery and generally complied with all deadlines. Initial written discovery is complete, and Apple conducted Plaintiff's deposition on January 11, 2024.

### Brief Argument in Support of a Stay or Extension

Apple respectfully submits that good cause exists to stay and/or extend the discovery deadlines in this case. District courts have "considerable discretion to stay discovery pursuant to Rule 26(c)[.]" *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see also* Fed. R. Civ. P. 26(c). In deciding whether to stay discovery while a motion to dismiss is pending, courts consider the following factors: (1) whether the pending motion provides substantial grounds for dismissal; (2) the breadth of discovery and burden of responding to it; and (3) the unfair prejudice to the party opposing the stay. *See Magee v. Walt Disney Co.*, No. 119CV10274AJNSDA, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020). In this case, all three factors militate in favor of a stay.

*First*, as the Magistrate has found, Apple's pending Motion provides multiple substantial and independent grounds for dismissal. If the January 18 Report and Recommendation is adopted, Plaintiff's Complaint will be dismissed in its entirety, and "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendants." *Magee*, No. 119CV10274AJNSDA, 2020 WL 8815489, at *1 (internal quotations omitted).

*Second*, expert discovery will impose a significant burden on Apple, which would be obviated by the dismissal of Plaintiff's Complaint. Plaintiff's claims are premised on allegations of medical disability and challenge the necessity and wisdom of Apple's mask requirements during the COVID-19 pandemic. Accordingly, Apple may disclose both medical and public-health/epidemiologic experts. The medical expert(s) will need to review Plaintiff's medical records (which we have yet to receive, as noted above in footnote one) and conduct an examination of him. This discovery is therefore not only costly and time-consuming, but it also cannot reasonably be accomplished by the current deadline of February 14.

*Third*, Plaintiff has largely agreed to and will not be unfairly prejudiced by a stay or extension of the discovery deadlines. Where, as here, a dispositive motion that "potentially eliminates the entire action" is pending, the case was filed less than a year ago, and there are no time-sensitive claims, "a delay in discovery, without more, does not amount to unfair prejudice [to the Plaintiff]." *Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (no prejudice even though case was two years old at the time of stay); *see also Gross v. Madison Square Garden Ent. Corp.*, No. 23CV3380LAKJLC, 2023 WL



Hon. Valerie Figueredo<br>
January 22, 2024<br>
Page 3

6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (where case was pending for under one year, a stay pending determination of a dispositive motion was not prejudicial); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. 02 CIV.8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003) ("[A] temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, [does not] amount[] to prejudice.").

Accordingly, Apple respectfully requests that this Court stay all discovery (including the deadline to serve document subpoenas) until this Court rules on Apple's Motion to Dismiss Plaintiff's Complaint. In the alternative, we respectfully request a sixty (60) day extension of the discovery deadlines, resulting in: (1) document subpoenas due March 15, 2024; (2) expert reports due April 15, 2024; (3) expert depositions to be completed by April 30, 2024; and (4) all discovery to be completed by May 31, 2024.

Respectfully submitted,

ArentFox Schiff LLP

*/s/ Katia Asche*

Katia Asche